UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MARSHALL WHITLEY | CIVIL ACTION |
|---|---|
| VERSUS | NO: 04-2316 |
| BURL N. CAIN, WARDEN | SECTION: J(2) |

## ORDER AND REASONS

This matter is before the Court on Petitioner Marshall Whitley's Motion for Relief from Judgment **(Rec. Doc. 48)**. In the Motion, Petitioner seeks relief from this Court's previous judgment denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

Petitioner Marshall Whitley is a state prisoner presently incarcerated in the Louisiana State Penitentiary in Angola, where he is serving a 49.5-year sentence without the possibility of parole. On July 21, 1998, Petitioner was convicted of armed robbery. After exhausting his appeals and seeking post-conviction relief in state court, Petitioner filed his federal application for habeas corpus relief under 28 U.S.C. § 2254 on August 11, 2004.

On February 14, 2005, the United States Magistrate Judge issued his Report and Recommendations, recommending the petition

be dismissed with prejudice as time-barred.[1] Because Petitioner had filed his petition almost two years after the statutory deadline, the Magistrate reasoned that his claim for habeas relief was time-barred unless the one-year limitation period had been interrupted or suspended under the doctrine of equitable tolling.  Finding neither to have occurred, the Magistrate recommended that his claim be dismissed as untimely.  On April 6, 2005, the Court issued an order approving the Magistrate's findings and dismissing Petitioner's petition for habeas relief.  Judgment was entered the same day.

Petitioner subsequently filed a motion to amend judgment pursuant to Rule 59(e), which the Court denied on May 20, 2005.[2]  Both the District Court and the Fifth Circuit denied Petitioner's requests for a certificate of appealability.[3]  Now, nearly six years later, Petitioner has filed the instant Rule 60(b) Motion, seeking an order setting aside the previous judgment and reopening his case.

**PARTIES' ARGUMENTS:**

The gravamen of Petitioner's motion is that he is entitled to relief from the Court's previous judgment due to an intervening change in the law with respect to the doctrine of

---

[1]  Rec. Doc. 14.

[2]  Rec. Doc. 25.

[3]  Rec. Docs. 36; 46.

equitable tolling.  This purported change is the United States Supreme Court's decision in Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549 (2010).  Petitioner submits that Holland widely expanded the range of professional misconduct which may be considered by a district court in determining whether the doctrine of equitable tolling applied to a late-filed habeas petition under the AEDPA.  Under the Holland standard, Petitioner contends that his habeas petition would not have been time-barred, and that this constitutes an "extraordinary circumstance" sufficient to require the Court to set aside its previous judgment.

**LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure provides the limited circumstances under which a litigant may seek relief from a final judgment.  Rule 60(b)(6), which forms the basis for Petitioner's motion, provides that a court may act to relieve a party from a final judgment for "any other reason that justifies relief."  This Rule a catch-all provision, meant to encompass circumstances not covered by the other specific grounds enumerated in subsections (1)-(5).

A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" sufficient to justify setting aside a final judgment.  Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002).  This restrictive interpretation is commanded by the sound

3

principle that final judgments should not be lightly cast aside. Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981) Accordingly, relief under Rule 60(b)(6) is considered an extraordinary remedy generally reserved for the most exceptional cases.

## DISCUSSION

The underlying premise of Petitioner's motion requires the Court to accept that a subsequent change in the law constitutes an "extraordinary circumstance" sufficient to justify relief from a final judgment in the context of a habeas proceeding. However, this precise argument has been presented to and rejected by the Supreme Court.

In Gonzalez v. Crosby, the United States Supreme Court concluded that an intervening change in the interpretation of the AEDPA limitations period did not rise to the level of an extraordinary circumstance sufficient to justify "reopening cases long since final." 545 U.S. 524, 536 (2005). As the Court explained:

> **"[R]elief under Rule 60(b)(6) – the only subsection petitioner invokes – requires a showing of "extraordinary circumstances." Petitioner contends that Artuz' s change in the interpretation of the AEDPA statute of limitations meets this description. We do not agree. The District Court's interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different**

4

> interpretation.  Although our constructions of federal statutes customarily apply to all cases then pending on direct review, see, e.g., <u>Harper v. Virginia Dept. of Taxation</u>, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final. If <u>Artuz</u> justified reopening long-ago dismissals based on a lower court's unduly parsimonious interpretation of § 2244(d)(2), then <u>Pace v. DiGuglielmo,</u> 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), would justify reopening long-ago grants of habeas relief based on a lower court's unduly generous interpretation of the same tolling provision."

<u>Id.</u> at 536-37.

The Fifth Circuit has also recently considered this issue. In <u>Hernandez v. Thaler</u>, an incarcerated inmate sought relief from the district court's prior judgment dismissing his habeas petition as untimely.  630 F.3d 420, 429-30 (5th Cir. 2011).  The primary basis for his motion was that the Supreme Court had changed the standard for determining when the AEDPA's statute of limitations begins to run.  This change, he argued, showed that the district court had effectively erred when it determined that his habeas petition was time-barred.  Although it acknowledged the petition would have been timely under the new standard, the Fifth Circuit nonetheless rejected the notion that this was sufficient to warrant relief under Rule 60, explaining:

> "Well-settled precedent dictates that Hernandez may not use Rule 60(b)(6) to claim the benefit of the Supreme Court's decision in <u>Jimenez</u>. We have previously held that a change in decisional law after entry of judgment does not constitute exceptional circumstances and is

5

> **not alone grounds for relief from a final judgment
> under Rule 60(b)(6). This rule applies with equal
> force in habeas proceedings under AEDPA . . . Hernandez
> cannot use Rule 60(b)(6) to circumvent the principle
> that when the Supreme Court announces a new rule of law
> and applies it to the parties before it, the new rule
> is given retroactive effect only in cases that are
> still open on direct review. The district court's
> decision to enter judgment dismissing Hernandez's
> habeas petition as barred by limitations was correct
> under the law as it existed in 2006. That the law has
> subsequently changed does not entitle Hernandez to
> relief from the judgment under Rule 60(b)."**

Id. at 430.

Here, the above authority effectively forecloses Petitioner's argument that the change in the law effectuated by Holland is a sufficiently extraordinary occurrence to warrant relief from the judgment this Court entered approximately seven years ago. This Court's prior ruling was correct under the prevailing law at the time, as evidenced by the Fifth Circuit's order denying Petitioner's request for a certificate of appealability. As a result, Petitioner is not entitled to relief under Rule 60(b)(6).

Furthermore, in any case, the Supreme Court's analysis in Holland would have no material effect on the outcome of the instant case. Under Holland, a habeas petitioner is entitled to equitable tolling of the limitations period if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

6

filing." Holland, 130 S.Ct. at 2562.

For attorney error to justify equitable tolling, the professional mistake must "amount to egregious behavior" sufficient to "create an extraordinary circumstance." Id. at 2563. "[A] garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Id. Here, the Court previously found – and still finds – that the facts of this case simply do not rise to the level of "egregious behavior" necessary for application of the doctrine of equitable tolling. At most, Petitioner's counsel's actions in this case amount to a "garden variety" failure to comply with a filing deadline, which is insufficient to justify equitable tolling. Id.

Accordingly, for the reasons expressed above,

**IT IS ORDERED** that Petitioner Marshall Whitley's **Motion for Relief From Judgment (Rec. Doc. 48)** is hereby **DENIED.**

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT